Argued and submitted May 30,
remanded July 21, 1980

# STATE OF OREGON,
### *Respondent,*
*v.*
# MIKE A. FITCH,
### *Appellant.*
## (No. 79-328C, CA 16531)
613 P2d 1108

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent. On the brief were James M. Brown, Attorney General, Walter L. Barrie, Solicitor General, and Melinda L. Bruce, Assistant Attorney General, Salem.

Before Schwab, Chief Judge, and Thornton, and Richardson, Judges.

RICHARDSON, J.

## RICHARDSON, J.

Defendant appeals the judgment of conviction, based on a jury verdict, of two counts of sexual abuse in the first degree, ORS 163.425(1). Count one of the indictment alleged that defendant touched the breasts of "C.W." a person under the age of 12 years. Count two alleged that at the same time and place defendant touched the vagina of "C.W." A sentence was imposed on each count of the indictment. Defendant contends that certain testimony was improperly admitted and that the two counts should have been merged for sentencing.

From the evidence, the jury would be entitled to find that the following events occurred. The victim, who was 11 years old, was often a babysitter for defendant's children. On the evening of the offense, she accompanied defendant, his wife and their two infant children to a drive-in theater. The victim's brother and a friend also accompanied the group.

Defendant, his wife and one of the infants were in the front seat of the vehicle and the other four children sat in the rear. The victim testified that during the movie defendant leaned over the back of the seat and touched her vagina and her breasts. Her brother testified that defendant grabbed the victim in her crotch.

The first claim of error concerns testimony of the victim, admitted over defendant's objection. The victim testified that defendant's wife placed her hand on defendant's pants in the area of his penis and then scratched the area. The defendant then said: "If I show you something you guys won't tell your mom?" The victim then heard defendant's pants unzip and he called to her, but she did not look.

■ ■ Defendant objected on the ground that the testimony was irrelevant and unduly prejudicial. ORS 163.425(1) provides, in pertinent part:

"(1)   A person commits the crime of sexual abuse in the first degree when he subjects another person to sexual contact; and

"(a)   the victim is less than 12 years of age * * *
"* * * * *."

ORS 163.305(6) defines "sexual contact" as:

"* * * any touching of the sexual or other intimate parts of a person or causing such person to touch the sexual or other intimate parts of the actor for the purpose of arousing or gratifying the sexual desire of either party."

The touching of sexual or intimate parts of a person is made a crime only if it is done "for the purpose of arousing or gratifying the sexual desire." It is necessary for the state to establish a purpose of sexual arousal in order to complete proof of the crime. As with the intent element of crimes, "purpose" is generally provable only by circumstantial evidence. The fact that defendant was being sexually fondled by his wife and that he attempted to show his penis to the children in the car, is probative of sexual arousal and probative, in turn, of his purpose in touching the intimate parts of the victim. The evidence was relevant.

A police officer, who questioned defendant about the incident, was first told by defendant that he accidentally touched the victim while disciplining the children. He later changed this story and told the officer he touched the victim, but was just "fooling around." It was necessary for the state to introduce the challenged testimony to establish an important element of the charge and to refute defendant's assertion to the police officer that he did not touch the victim for sexual purpose. The probative value of the evidence and the necessity of such proof outweighed any prejudicial inference the jury might draw.

In the second claim of error defendant challenges the admission of the testimony of a juvenile officer who testified concerning a statement defendant had made to him concerning the incident. On appeal,

defendant asserts that the statement was irrelevant. However, the sole basis of his objection at trial was that the testimony was hearsay. The court overruled the objection and that ruling is not assigned as error. We decline to review the merits of defendant's contention which is made for the first time on appeal.

■ In his final assignment of error defendant contends the two counts should have been merged for sentencing. At the sentencing hearing the prosecutor stipulated that the convictions should be merged for sentencing and on appeal the state concedes the court erred in not doing so. We agree. The judgments of conviction are affirmed, the sentence is vacated and the case is remanded for resentencing.

Remanded for resentencing.