Argued and submitted July 10, reversed and remanded October 26, 1981

# MOORE,
*Petitioner,*

*v.*

# OREGON STATE BOARD OF PAROLE,
*Respondent.*

(CA 17461)

635 P2d 3

Gary D. Babcock, Public Defender, and John Daugirda, Deputy Public Defender, Salem, filed the brief for petitioner.

Dave Frohnmayer, Attorney General, William F. Gary, Solicitor General, and Scott McAlister, Assistant Attorney General, Salem, filed the brief for respondent.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and Warren, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Petitioner appeals an order setting his parole release date. He contends that the Board of Parole improperly characterized certain factors as "aggravating," thereby delaying his release. We reverse and remand.

Defendant was convicted of attempted rape in the first degree and sexual abuse in the first degree. The trial court merged the convictions for the purpose of sentencing, imposed a ten year sentence on the attempt conviction and classified petitioner as a sexually dangerous offender.[1] Given the "offense severity" of petitioner's crime and his "history/risk assessment," the usual range of imprisonment would be between 30 and 48 months under the Board's matrix.[2] However, because the Board considered

"[t]he fact that there were repetitive crimes of a similar nature in the past and multople *[sic]* convictions merged for the purpose of sentencing"

to be aggravating, petitioner's release date was set to occur after 53 months of incarceration.[3]

OAR 255-35-035 states in pertinent part:

"(1) The Board may depart from the appropriate range only upon making a specific finding, by a preponderance of the evidence, that there is aggravation or mitigation which justifies departure from the range. The Board shall clearly state on the record the facts and specific reasons for its finding:

"* * * * *

"(d) Sentence as Aggravating or Mitigating: The Board shall deem the sentence an aggravating or mitigating circumstance, which allows a variation from the guidelines, if it finds, by a preponderance of the evidence, that such sentence and the reasons for the sentence stated on the record by the sentencing judge pursuant to ORS 137.120(2) disclose:

---

[1] ORS 426.510.

[2] OAR 255-35-025, Exhibit C.

[3] In its original report, the Board considered two additional factors as aggravating: "Vulnerable victim" and "Other crimes not prosecuted." On administrative review, although the Board no longer considered those two factors as aggravating, petitioner's release date remained unchanged.

"(A) The presence of any aggravating or mitigating circumstances described in subsection (1)(c) of this rule or in Exhibit E;

"(B) Other reasons showing enhanced or reduced harm or risk of harm involved in the criminal conduct, or enhanced or reduced culpability on the part of the prisoner when committing such conduct.

"(e) *Usual, but not exclusive, factors in aggravation or mitigation are shown in Exhibit E. The Board may consider circumstances not listed in Exhibit E.*" (Emphasis supplied.)[4]

Exhibit E is a listing of types of aggravating and mitigating circumstances.

Petitioner argues that because "repetitive sexual crimes" and "multiple convictions merged only for sentencing" are not among the types of aggravating behavior listed in Exhibit E, the Board "lacked authority and abused its discretion" in using them to depart from the matrix range. The Board clearly has authority under its own rule to consider factors not listed in Exhibit E. OAR 255-35-035(1)(e). Whether the rule is authorized by the legislature is a more difficult question.

■ The Board's statutory authority to deviate from the matrix guidelines is found in ORS 144.785, which provides:

"(1) The [Advisory Commission on Prison Terms and Parole Standards] shall propose to the [Parole Board] and the board shall adopt rules regulating variations from the ranges, to be applied when aggravating or mitigating circumstances exist. *The rules shall define types of circumstances as aggravating or mitigating and shall set the maximum variation permitted.*" (Emphasis supplied.)

This can be read to suggest that the Board's rules shall be exclusive — that is, that only those types of circumstances which have been defined by the rules as aggravating or mitigating can be considered. We find that to be an unreasonable construction of the statute. The legislative

---

[4] The petitioner and the state both assume that the Board considered the *sentence* as aggravating. The Board's order is not helpful in determining whether this assumption is correct.

history of the 1977 Act relating to prison sentences and parole[5] reveals that, while one of the purposes of the act was to safeguard against arbitrary and inconsistent sentences for similar criminal conduct, another legislative concern was to structure rather than eliminate the Parole Board's discretion. Length of incarceration was intended to remain partially a function of individualized variables — the seriousness of the crime, the criminal history of the individual and public protection from further crimes by the defendant. ORS 144.780. The statute does not require that the Board determine by rule in advance every circumstance that it may consider to be aggravating *or* mitigating.

■        Petitioner also argues that because his prior convictions were taken into account in determining his "history/risk assessment" score under OAR 255-35-105, considering his previous sex crime convictions as an aggravating factor was to consider them twice. Although he is in one sense correct, we cannot agree that this constitutes error. The "history/risk assessment" is concerned with prior convictions of *any* kind and assigns a higher rating to an individual with a criminal history than to one without. We see no reason to prohibit the Board from considering the *nature* of those crimes in deciding whether to depart from the matrix guidelines.

■        Finally, petitioner argues that *Harris v. Board of Parole,* 47 Or App 289, 614 P2d 602, *rev den* (1980), precludes the Board from considering as an aggravating circumstance the fact that his multiple convictions were merged for sentencing. *Harris* dealt with the question of whether "multiple crimes and victims" was a proper basis for enhancing punishment. In holding that that reason alone was insufficient, we stated that the Board's rules with respect to *consecutive* sentences

> "* * * strongly suggest that the multiple crime element has already been taken into consideration in designing the matrix,"

because the term of imprisonment for consecutive sentences is the sum of the ranges for each conviction. OAR 255-35-010(2)(d); *Harris v. Board of Parole, supra,* 47 Or

---

[5] Oregon Laws 1977, chapter 372.

App at 301. Petitioner apparently takes this to imply that consideration of his "multiple crimes" as an aggravating circumstance necessarily constitutes double consideration.

While *Harris* implies no such thing, we nevertheless find that the merger of petitioner's "multiple crimes" for the purpose of sentencing is an improper basis for enhancing his punishment when, as the Board stated, the trial court was "forced" to merge the two convictions because the "behavior is the same." We see no reason to allow the Board to enhance punishment for the two convictions when the trial court itself could not. *See State v. Garcia,* 288 Or 413, 605 P2d 671 (1980); *State v. Cloutier,* 286 Or 579, 596 P2d 1278 (1979); *State v. Fitch,* 47 Or App 205, 613 P2d 1108 (1980).

■    Although it is not an issue in this case, we note that in *Harris,* we emphasized that the Board is required under ORS 144.135 to "state in writing the detailed bases of its decisions." *Harris v. Board of Parole, supra,* 47 Or App at 301. Because neither the Board's order nor its rules explained why petitioner had been subjected to enhanced punishment, we concluded that we had no basis for determining why the Board did what it did. A similar situation exists here. Although we could speculate about why the Board considered petitioner's repeated sexual crimes to justify enhanced punishment, its reasons have not been made explicit, in contravention of the Board's own rule. OAR 255-35-035(1). When the Board deviates from the matrix range for *unusual* aggravating circumstances which have not been anticipated or described in the Board's own rules, something more than a conclusory statement such as in this case ("repetitive crimes of a similar nature in the past and multople *[sic]* convictions merged for the purpose of sentencing") is required.

Reversed and remanded.