Argued and submitted October 2, 1981, affirmed March 8, 1982

HEIN,
*Petitioner,*
*v.*
BOARD OF PAROLE,
*Respondent.*

(CA A20972)

641 P2d 642

Paul J. De Muniz, Salem, argued the cause for petitioner. With him on the brief was Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief

were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

WARDEN, J.

Warren, J., dissenting.

## WARDEN, J.

Petitioner appeals an order setting his parole release date. He contends that the Board of Parole (Board) improperly added 52 months to his term of imprisonment before parole because of aggravating factors, thereby unlawfully delaying his release.

Petitioner was convicted of manslaughter and attempted murder in June, 1972. Petitioner's initial appearance before the Board was prior to the invocation of the matrix system, and petitioner received a parole hearing date of June, 1982. In August, 1980, the Board granted petitioner's request for a firm parole release date set pursuant to the matrix. On September 12, 1980, the Board set a parole release date of March, 1985, following 154 months of incarceration.[1]

Petitioner requested administrative review of this determination, and the Board reset petitioner's parole release date to June, 1983. The reduction of 22 months was based upon a re-evaluation and resulting change of petitioner's history/risk assessment from (2) to (3), and application of the new assessment to the matrix. Petitioner was given a matrix range of 60 to 80 months. The Board chose the 80 months, to which it added 52 months for aggravation.

At the outset, the Board challenges petitioner's right to judicial review of the order. Judicial review is authorized by ORS 144.335(1), which provides:

> "When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole, such person is entitled to judicial review of the final order."

It is uncontested that petitioner is a person over whom the Board exercises control and that the Board's order setting the parole release date is a "final order" within the meaning of ORS 144.335(1). *Harris v. Board of*

---

[1] Given the "offense severity" rating of petitioner's crime (6), and his "history/risk assessment" (2), the usual range of imprisonment would be 90 to 130 months under the matrix. The Board added 24 months to the top of the range for aggravating factors.

*Parole,* 47 Or App 289, 297, 614 P2d 602, *rev den* 290 Or 157 (1980). However, the Board contends that this court lacks jurisdiction to review the Board's order, because petitioner was not "adversely affected or aggrieved" by the order, because the Board *reduced* his release time from 154 to 132 months, and because a reduction of his prison term cannot be said to adversely affect petitioner. On appeal, petitioner contends that the release date should have been reduced even farther, to 100 months. It is clear to us that the failure of the Board so to reduce the term "adversely affects or aggrieves" petitioner by denying him an earlier release date. Petitioner has a right to appeal under ORS 144.335(1).

The Board contends that such a holding would "nullify" our decision in *Cruz v. Board of Parole,* 53 Or App 263, 631 P2d 829, *rev den* 291 Or 893 (1981), and the 60-day appeal period in ORS 144.335(2).[2] In *Cruz* we held that the *denial* of a request for administrative review of an order setting a parole release date was not a "final order" within the meaning of ORS 144.355(1). We further held that this court had no jurisdiction to review the original order of the Board, because petitioner had failed to seek judicial review of that order within the 60-day time limit. *Cruz* does not apply in the present case in which administrative review was *granted* and a new parole release date was set. Under *Harris,* the grant of a parole release date constitutes a final order and is, therefore, reviewable by this court.

■ On the merits, petitioner contends that the Board erred .in setting petitioner's parole release date at 132 months. Petitioner argues that, although the Board applied the correct "matrix range" of 60 to 80 months, the Board violated its own regulations and ORS 144.785(1) when it added 52 months to the range for aggravation.[3]

OAR 255-35-035(2)(b) provides:

---

[2] ORS 144.335(2) provides:

"The order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 60 days of the order for which review is sought. The board shall submit to the court the record of the proceeding, or if the inmate agrees, a shortened record. A copy of the record transmitted shall be delivered to the inmate by the board."

[3] Petitioner does not contest the fact that aggravation was properly found.

"The maximum variations from a range allowed to the full Board are shown in Exhibit D and include the variation permitted to a panel. Affirmative votes of at least a majority of the Board shall be required to impose the allowable variations in Exhibit D or to exceed the variations in full Board cases. *Affirmative votes of at least four members of the Board are required to exceed the variations in Exhibit D in all other cases"* (Emphasis added.)

Exhibit D is a matrix keyed to an inmate's "crime severity rating" and "history/risk assessment" and establishes permitted variations from the ranges because of aggravation. Under the terms of Exhibit D, a simple majority of the Board may increase the duration of imprisonment by 20 months, but in this case the Board increased the duration by 52 months.

Petitioner argues that the Board lacked authority to set a variation that exceeded the maximum indicated in Exhibit D. The Board clearly has authority under its own rule to exceed the variations by an affirmative vote of four members. OAR 255-35-035(2)(b). Petitioner contends that the rule violates legislative guidelines.

ORS 144.785(1) provides:

"The commission shall propose to the board and the board shall adopt rules regulating variations from the ranges, to be applied when aggravating or mitigating circumstances exist. *The rules shall define types of circumstances as aggravating or mitigating and shall set the maximum variation permitted."* (Emphasis added.)

Petitioner argues that, under the statute, maximum variations set out in Exhibit D are exclusive and the Board has no authority to exceed them. This is an unreasonable construction of the statute. In *Moore v. Ore. State Bd. of Parole,* 54 Or App 369, 372-373, 635 P2d 3 (1981), this court had the opportunity to construe ORS 144.785(1). In discussing the legislative history of the 1977 act relating to prison sentences and parole,[4] we stated that:

"* * * [W]hile one of the purposes of the act was to safeguard against arbitrary and inconsistent sentences for similar criminal conduct, another legislative concern was to structure rather than eliminate the Parole Board's discretion. Length of incarceration was intended to remain

---

[4] Or Laws 1977, ch 372.

partially a function of individualized variables — the seriousness of the crime, the criminal history of the individual and public protection from further crimes by the defendant. ORS 144.780. * * * " 54 Or App at 373.

In *Moore* we held that the Board had authority to consider aggravating factors other than those listed in its rules and concluded that '[t]he statute does not require that the Board determine by rule in advance every circumstance that it may consider to be aggravating *or* mitigating." (Emphasis in original.) 54 Or App at 373.

The same reasoning applies when the Board is setting maximum variations. The Board, in its rules, has defined the types of aggravating circumstances which warrant variations from the matrix range. OAR 255-35-035(1)(e). Maximum variations have been set to correspond with those aggravating factors as defined. There may be circumstances, however, where aggravating factors unforeseen by the Board would justify a variation from the matrix range in excess of those indicated in Exhibit D. Under our holding in *Moore,* the statute does not require that the Board determine *in advance* the maximum variations permitted from the matrix range.

■    In petitioner's case, the Board set the term of imprisonment 52 months above the range, due to aggravation. In its report, the Board determined "the attempt to take a life while a fugitive from a sentence for taking a life to be extreme aggravation." All five members of the Board concurred in this determination. Petitioner does not challenge the Board's factual finding of extreme aggravation. We hold that the Board did not err in setting petitioner's parole release date at 132 months. The order of the Board is affirmed.

Affirmed.

**WARREN, J.,** dissenting.

I dissent because I do not agree that ORS 144.785(1) authorizes the Board to adopt a rule permitting it to set a parole release date exceeding the maximum variations permitted by the matrix.

ORS 144.785(1) clearly requires the Board to adopt rules that "* * *  define the types of circumstances as

aggravating or mitigating and * * * set the maximum variation permitted." As the majority recognizes, two purposes of ORS 144.785(1) are to "* * * safeguard against arbitrary and inconsistent sentences for similar criminal conduct" and to "structure" the Parole Board's discretion. While the Parole Board's discretion was not intended to be eliminated, it was to be confined within the limits set by Board rule. The last sentence of OAR 255-35-025(2)(b), which allows the Board to exceed the maximum variations permitted, is beyond the legislative delegation of rule-making authority and subverts those two purposes of the act. Under the majority opinion, there is no limit to the Board's discretion. The Board's discretion is not structured but is totally unfettered by any guidelines; there is no safeguard against arbitrary and inconsistent sentences. The majority says "* * * the statute does not require that the Board determine [set] *in advance* the maximum variations permitted from the matrix range." (Emphasis in original.) 56 Or App at 298. On the contrary, that is precisely what the statute does require. Despite what the majority says, *Moore v. Ore. St. Bd. of Parole,* 54 Or App 369, 635 P2d 3 (1981), does not support the result the majority reaches. In *Moore,* we held only that the Board may consider aggravating factors other than those listed in its rules. I do not question that. What I do question is its authority to use unlisted factors to set a parole release date beyond any maximum variation permitted by the rules adopted in the matrix range. Because ORS 144.785(1) requires the Board to adopt rules setting the upper limit of variations permitted, it follows that its rule authorizing it to exceed the upper limit is beyond the authority of the Board to make. It makes no difference that the rule requires more affirmative votes to exceed the maximum or that the vote here was unanimous.

For these reasons, I respectfully dissent.