Argued and submitted December 20, 1991, affirmed March 31, 1993

RODNEY B. HOWEY,
*Petitioner,*

*v.*

BOARD OF PAROLE,
*Respondent.*

(CA A66796)

849 P2d 1129

Lawrence Hall, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender, Salem.

Yuanxing Chen, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

**WARREN, P. J.**

■ Petitioner seeks judicial review of an order of the Board of Parole on administrative review, dated September 19, 1990, denying relief from an order of August 18, 1990, setting petitioner's release date. Although petitioner's brief identifies only the August order, we have jurisdiction, because (1) he timely petitioned for administrative review, as required under ORS 144.335(1); (2) the Board denied that petition in the September order; and (3) he sought review in this court after the September order was entered, but within 60 days of it. *Owens v. Board of Parole*, 113 Or App 507, 510, 834 P2d 547 (1992). We have authority to review the underlying order under ORS 144.335(2).

Petitioner was convicted of raping his teenage stepdaughter. The Board established a history/risk score of ten, a crime severity rating of six and a range of imprisonment of 66 to 86 months under the Board's matrix. It upheld the two three-year judicially imposed consecutive minimum sentences for a total prison term of 72 months. We review the Board's order to determine whether it is

"(A)   Outside the range of discretion delegated to the agency by law;

"(B)   Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C)   Otherwise in violation of a constitutional or statutory provision." ORS 183.482(8)(b).

■ Petitioner first assigns error to the Board's finding of aggravation based on the victim's status as his stepdaughter. It listed that finding of aggravation under item Q, which is "Other." *See* OAR 255-35-013(f), Exhibit E-1. Petitioner argues that "other" is unconstitutionally vague, inherently susceptible of unequal application and, even if the reason for applying the factor in this case is valid, it has been applied to him retroactively in violation of Article I, section 21, of the Oregon Constitution and the Due Process Clause of the Fourteenth Amendment. The Board answers by quoting *Moore v. Ore. State Bd. of Parole*, 54 Or App 369, 635 P2d 3 (1981), for the proposition that ORS 144.785 grants it the

authority "to structure rather than eliminate [its] discretion," and it is not required to "determine by rule in advance every circumstance which it may consider to be aggravating *or* mitigating." 54 Or App at 373. (Emphasis in original.)

*Moore* addressed only the Board's authority under the rules and the enabling legislation. It did not address any constitutional challenges. Nevertheless, petitioner's argument fails.

The Board's finding was based on petitioner's exploitation of the victim's vulnerability due to a special trust relationship.[1] Petitioner concedes that the Board could have listed that factual circumstance as aggravation under item E, because his crime was a "violation of [a] position of trust." That was a permissible aggravation factor when petitioner committed his crime and when he had his hearing. Therefore, the particular aggravation factor was not applied retroactively. Identifying the factor as item Q rather than item E could not have made any difference to the Board's decision or to our review of it. That choice does not require reversal or remand. ORS 183.482(8); *see also Tate v. Board of Parole*, 107 Or App 374, 812 P2d 422, *rev den* 312 Or 151 (1991).

Petitioner's other assignments of error do not require discussion.

Affirmed.

---

[1] Petitioner does not argue that the victim was not vulnerable in that way, and he does not argue that violation of that kind of trust may not be treated as an aggravation factor.