Argued and submitted November 28, reversed December 27, 2000

In the Matter of
Jason Evans, a Minor Child.

STATE ex rel JUVENILE DEPARTMENT
OF MARION COUNTY,
*Respondent,*

*v.*

JASON EVANS,
*Appellant.*

(98J-1115; CA A108042)

15 P3d 1003

Mark J. Geiger argued the cause and filed the brief for appellant.

Michael C. Livingston, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Haselton, Presiding Judge, and Wollheim, Judge, and Ceniceros, Senior Judge.

HASELTON, P. J.

## HASELTON, P. J.

Youth appeals from a judgment finding him to be within the jurisdiction of the court for committing acts that, if committed by an adult, would constitute public indecency. ORS 163.465.[1] Youth contends that the state has not proved either of two requisite statutory elements: (1) that the act be committed in, or in view of, a public place, and (2) that the act be committed "with the intent of arousing the sexual desire" of himself or another. We reverse.

■      We review *de novo,* ORS 419A.200(5), giving due deference to the credibility determinations made by the juvenile court judge. *State ex rel Juv. Dept. v. Millican,* 138 Or App 142, 144, 906 P2d 857 (1995), *rev den* 323 Or 114 (1996). That is, we are to "try the cause anew upon the record," ORS 419A.200(5); ORS 19.415(3), and determine if the state has proved, beyond a reasonable doubt, each element of the offense charged. *Millican,* 138 Or App at 144. Because we find that the state has not proved beyond a reasonable doubt that youth acted with the specific intent required by the statute, we need not address the youth's contention regarding the "public place" element.

■      Testimony at trial indicated that during the summer of 1998 Randel Richardson and his girlfriend, Katie Koch, were living together in the first floor of a two-story house. Koch's parents lived upstairs. Youth knew that Koch and Richardson lived together in that house.

At approximately 12:30 a.m. on September 7, while she and Richardson were getting ready for bed, Koch heard a noise that she thought was someone on the back porch of the house. Looking through a window, Koch saw youth, an acquaintance of hers and Richardson's. Koch turned away

---

[1] ORS 163.465 provides:

"(1) A person commits the crime of public indecency if while in, or in view of, a public place the person performs:

"(a) An act of sexual intercourse;

"(b) An act of deviate sexual intercourse; or

"(c) An act of exposing the genitals of the person with the intent of arousing the sexual desire of the person or another person."

from the window and returned to the bedroom. At that point, she heard youth call out to Richardson, "Is your penis bigger than mine?"[2] Richardson then got out of bed and went to the kitchen, and looking out the kitchen window saw youth standing on the bottom step of the back porch "pulling down his pants and showing his [penis]." A number of other juveniles, who lived in the neighborhood, were standing in the yard behind youth. Richardson shut the curtains and returned to the bedroom, and told Koch what he had seen. Koch woke her parents, and they called the police. The juvenile department subsequently filed a petition alleging that youth was within the jurisdiction of the court, because he had committed an act that, if done by an adult, would constitute public indecency. ORS 163.465; ORS 419C.005(1).

At trial, youth testified that he "had no intent on trying to sexually arouse me or Randal. I was just making a stupid decision not thinking before I was doing anything." The juvenile court ultimately adjudicated youth as delinquent, concluding:

"I hear you trying to split a hair about whether or not it was designed to sexually arouse either your client or who you perceive as the victim, Mr. Richardson. But the statutory language, it says with the desire of arousal of self or another person. While this may have been a prank, it was probably a heated one, not probably, this was assuredly one that in the middle of the night, with people there, he was demonstrating his manliness in order to set himself not only different, but to demonstrate to other persons that were available there as his audience, his sexual prowess. I will find that he is within the jurisdiction of the court * * *."

We disagree. On *de novo* review, we cannot find, beyond a reasonable doubt, that youth acted "with the intent of arousing the sexual desire of [himself] or another person." ORS 163.465.

■ A trier of fact may infer the intent underlying a defendant's conduct from the circumstances of that conduct. *State v. Hendrix*, 314 Or 170, 174, 838 P2d 566 (1992), *cert den* 508 US 974 (1993). Here, even if we were to disregard

---

[2] Youth testified that he "said some stupid stuff like, Randel, my penis is bigger than yours." Richardson testified that he did not hear youth's statement.

youth's testimony denying any sexual intent, the circumstances do not establish beyond a reasonable doubt that, in exposing himself to Richardson, youth acted with the intent of arousing sexual desire. There is, for example, no evidence that youth's penis was erect, that he was engaged in any type of sexual touching or that he fondled himself or anyone else at the time of the incident.[3] Nor, in our view, is youth's contemporaneous statement regarding the size of his penis conclusive of the requisite intent. Rather, that statement might reasonably be regarded as evincing an immature and "prankish" intent, if anything, to compare his penis to that of his friend.

Given the totality of the circumstances, we cannot find beyond a reasonable doubt that the youth dropped his pants "with the intent of arousing the sexual desire" of himself or others.

Reversed.

---

[3] While the state is correct in noting that the intent element of ORS 163.465(1)(c) does not call for proof of arousal at the time of the exposure, such evidence would be probative of the requisite intent. *Cf. State v. Fitch*, 47 Or App 205, 208, 613 P2d 1108 (1980) (evidence that, immediately before touching victim's vagina, defendant's penis was being fondled by his wife was "probative of sexual arousal and probative, in turn, of his [sexual] purpose in touching the intimate parts of the victim").