522 February 25, 2026 No. 166

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

JONATHAN GUILLEN-ALEGRE,
aka Jonathan Guillen-Alegra,
*Defendant-Appellant.*

Lane County Circuit Court
23CR13806; A184818

Bradley A. Cascagnette, Judge.

Submitted January 21, 2026.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Bruce A. Myers, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Dan Rayfield, Attorney General, Benjamin Gutman, Interim Deputy Attorney General, and E. Nani Apo, Assistant Attorney General, filed the brief for respondent.

Before Shorr, Presiding Judge, Powers, Judge, and O'Connor, Judge.

POWERS, J.

Affirmed.

**POWERS, J.**

Defendant appeals from a conviction, after a jury trial, of third-degree sexual abuse, ORS 163.415, contending that the trial court erred in denying his motion for a judgment of acquittal. Viewing the evidence under the well-established standard of review, we conclude that the evidence was legally sufficient for a rational trier of fact to have found the essential elements of third-degree sexual abuse beyond a reasonable doubt. *See State v. Cunningham*, 320 Or 47, 63, 880 P2d 431 (1994), *cert den*, 514 US 1005 (1995) (explaining that a reviewing court's task is to examine the evidence "in the light most favorable to the state to determine whether a rational trier of fact, accepting reasonable inferences and reasonable credibility choices, could have found the essential element of the crime beyond a reasonable doubt"). Accordingly, we affirm defendant's conviction.

On a rainy afternoon at the University of Oregon campus, defendant followed an unidentified student until she entered a crowded cafeteria, and he stopped following her. Defendant then saw another student, the victim, who had just finished a run. Defendant, who had been walking in the opposite direction, immediately turned to follow her as she crossed his path. The victim used a key card to enter her secure dormitory. Defendant did not use a key card but came into the dorm after the victim opened the door. He followed the victim into a stairwell and up the stairs, walking so closely behind her that his feet were sometimes on the same step. He grabbed the victim's buttocks while the two of them were alone in the stairwell and continued to hold on for approximately ten seconds as she exited the stairwell. A bystander saw defendant's hand on the victim's buttocks and intervened by escorting defendant outside. Based on that evidence, the jury convicted defendant of third-degree sexual abuse.

A person commits the crime of third-degree sexual abuse when "[t]he person subjects another person to sexual contact" and "[t]he victim does not consent to the sexual contact." ORS 163.415(1). ORS 163.305(5) defines "sexual contact" as "any touching of the sexual or other intimate parts

of a person * * * for the purpose of arousing or gratifying the sexual desire of either party."

Defendant challenges the sufficiency of the evidence to prove that his act of grabbing the victim's buttocks constituted "sexual contact." Specifically, he contends that the evidence did not give rise to a reasonable inference that he acted with "the purpose of arousing or gratifying" himself or the victim. We disagree with defendant's argument.

Generally, "purpose"—just like with the intent elements of crimes—is provable only by circumstantial evidence. *State v. Fitch*, 47 Or App 205, 208, 613 P2d 1108 (1980). The record here contains sufficient evidence to allow a reasonable inference that defendant acted with a sexual purpose under the circumstances. *See State v. D. B. O.*, 326 Or App 391, 395, 532 P3d 921 (2023) (concluding that the circumstances surrounding the repeated touching of the victim allowed a reasonable factfinder to make an inference that the youth acted with a sexual purpose); *see also State v. Rodriguez/Buck*, 347 Or 45, 55-56, 217 P3d 659 (2009) (concluding that, even when the contact is brief and involves clothed intimate body parts, a reasonable factfinder could conclude beyond a reasonable doubt that the touching was for a sexual purpose given the context of all of the evidence). The evidence that defendant followed two different women on campus, that he followed the victim into a secured building and up the stairwell, that he grabbed her buttocks while they were alone in the stairwell, and the length of time—approximately ten seconds—that he grabbed her, supports a reasonable inference that defendant's grabbing of the victim's buttocks was not incidental contact and that defendant had a sexual purpose. Accordingly, we reject defendant's contention that the trial court erred in denying his motion for a judgment of acquittal.

Affirmed.