Argued and submitted April 8, affirmed July 13, 1981

CHRISTOPHER GERALD FOLK,
*Petitioner,*
*v.*
STATE BOARD OF PAROLE,
*Respondent.*

(536 632 4; CA 18955)

631 P2d 353

Thomas J. Crabtree, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Elise (Lisa) C. Brown, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

■ Petitioner was convicted on his plea of no contest to the crime of Manslaughter in the First Degree. ORS 163.118.[1] He was sentenced to a term of eight years; on August 14, 1980, the Parole Board established his initial parole release date as July, 1983, 44 months following his delivery to the Corrections Division. Petitioner appeals from that order, contending that the Board abused its discretion in setting petitioner's parole release date. That action of the Board, although not characterized as an "order," is appealable. *Harris v. Board of Parole,* 47 Or App 289, 614 P2d 602 (1980). We affirm.

■ Our scope of review is governed by ORS 183.482(8), which provides:

"(8) (a) The court may affirm, reverse or remand the order. If the court finds that the agency has erroneously interpreted a provision of law and that a correct interpretation compels a particular action, it shall:

"(A) Set aside or modify the order; or

"(B) Remand the case to the agency for further action under a correct interpretation of the provision of law.

"(b) The court shall remand the order to the agency if it finds the agency's exercise of discretion to be:

"(A) Outside the range of discretion delegated to the agency by law;

"(B) Inconsistent with an agency rule, an officially stated agency position, or a prior agency practice, if the inconsistency is not explained by the agency; or

"(C) Otherwise in violation of a constitutional or statutory provision.

"(c) The court shall set aside or remand the order if it finds that the order is not supported by substantial evidence in the record."

---

[1] ORS 163.118 provides:

"(1) Criminal homicide constitutes manslaughter in the first degree when:

"(a) It is committed recklessly under circumstances manifesting extreme indifference to the value of human life; or

"(b) It is committed intentionally under circumstances not constituting murder.

"(2) Manslaughter in the first degree is a Class A felony."

Petitioner contends, apparently, that the Board "has erroneously interpreted a provision of law" in that it misapplied ORS 144.780 in adopting the so-called "matrix system" and, therefore, erred in setting his initial parole release date pursuant to ORS 144.120. The Board is not solely responsible for that system. ORS 144.775 establishes an Advisory Commission on Prison Terms and Parole Standards (Commission). ORS 144.775(8) directs that the Commission shall propose to the Board and the Board shall adopt rules establishing ranges of duration of imprisonment and variations from the ranges and that, in doing so, it shall consider the factors provided in ORS 144.780 and 144.785.[2]

ORS 144.780 provides:

"(1) The commission shall propose to the board and the board shall adopt rules establishing ranges of duration of imprisonment to be served for felony offenses prior to release on parole. The range for any offense shall be within the maximum sentence provided for that offense.

"(2) The ranges shall be designed to achieve the following objectives:

"(a) Punishment which is commensurate with the seriousness of the prisoner's criminal conduct; and

"(b) To the extent not inconsistent with paragraph (a) of this subsection:

"(A) The deterrence of criminal conduct; and

"(B) The protection of the public from further crimes by the defendant.

"(3) The ranges, in achieving the purposes set forth in subsection (2) of this section, shall give primary weight to the seriousness of the prisoner's present offense and his criminal history."

Under the guidelines adopted as rules establishing ranges of duration of imprisonment to be served, the Board established an "offense severity rating" of "6" for the crime of manslaughter in the first degree. OAR 255-35-010(1). Pursuant to OAR 235-35-015, the Board determined that petitioner's "criminal history/risk assessment" was "7." Based upon those determinations, under OAR 255-35-025 the Board established the range of petitioner's incarceration at

---

[2] ORS 144.785 deals with variations from the ranges when aggravating or mitigating factors are involved. Petitioner does not rely on that section here.

44 to 56 months and set his initial parole date at 44 months, the extreme low end of the range.

Petitioner does not contend that the Board did not follow the matrix system it has adopted. Rather, he submits that the offense severity rating for manslaughter in the first degree, and therefore the entire range of incarceration in petitioner's case, is excessive and in violation of the requirements of ORS 144.780.

Although petitioner's contentions are not entirely clear, he appears to contend that the matrix system must conform to the degrees of culpable mental states, ranging from intentional to criminal negligence, set forth in ORS 161.085(6) and defined in subsections (7), (8), (9) and (10) of that section. He then points out that he was charged only with "recklessly" causing the death of another human being, and since his crime was not intentional or knowing, he should not suffer a harsher penalty than those who have committed a crime requiring a higher degree of culpable mental state.

Even if there might, under other circumstances, be merit to petitioner's attack on the matrix system, his argument is flawed at the outset by stating that his conduct was merely reckless. To constitute the crime of manslaughter in the first degree, the homicide must be "committed recklessly under circumstances manifesting extreme indifference to the value of human life * * *." ORS 163.118(1)(a). That crime has been legislatively classified as a Class A felony. On the other hand, manslaughter in the second degree is a criminal homicide committed recklessly, ORS 163.125, which is legislatively classified as a Class B felony.

The same flaw exists in petitioner's further argument that intentional manslaughter is not given a different severity rating from the crime with which he was charged. The legislature characterized both of those offenses as manslaughter in the first degree, and both are Class A felonies.

Petitioner does not challenge the legislative classifications as being in violation of Article I, section 16, of the Oregon Constitution, requiring that "all penalties shall be proportioned to the offense." *See State v. Shumway,* 291

Or 153, 630 P2d 796 (1981). As we understand his only contention, it is that the matrix system proposed by the Advisory Commission and adopted by the Board results in disproportionate periods of incarcerations if the degree of mental culpability is the determining factor.

We conclude that the rule here involved was promulgated within the legislative delegation of authority under ORS 144.780 and is reasonably calculated to accomplish the legislative purpose. *See Pacific Northwest Bell v. Davis,* 43 Or App 999, 1005, 608 P2d 547 (1979), *rev den* (1980). The rule cannot be faulted for following the general classifications of severity of the offenses established by the legislature.

Affirmed.