Argued and submitted May 13, appeal dismissed July 27,
reconsideration denied September 17,
petition for review denied October 27, 1981 (291 Or 893)

# ABRAHAM CRUZ,
*Petitioner,*

*v.*

# OREGON STATE BOARD OF PAROLE,
*Respondent.*

(CA 18492)

631 P2d 829

Marilyn C. McManus, Deputy Public Defender, Salem, argued the cause for appellant. With her on the brief was Gary D. Babcock, Public Defender, Salem.

Elise C. Brown, Assistant Attorney General, Salem, argued the cause for respondent. With her on the brief were Dave Frohnmayer, Attorney General, John R. McCulloch, Jr., Solicitor General, and William F. Gary, Deputy Solicitor General, Salem.

Before Gillette, Presiding Judge, and Roberts and Young, Judges.

ROBERTS, J.

## ROBERTS, J.

Petitioner was convicted of the crime of murder and was confined at Oregon State Penitentiary in March, 1977. On July 13, 1977, the Board of Parole (Board) met to establish petitioner's initial release date.[1] The Board set petitioner's release date as July, 1997. Petitioner apparently did not request administrative review of this order until nearly three years later. On May 14 and June 9, 1980, his requests for review were denied.

The nature of the order appealed from is "the final order of the Board made on June 9, 1980." Petitioner assigns as error the Board's failure to retain the record of petitioner's initial release date hearing.[2] Petitioner claims that the failure of the Board to provide him with a record of the 1977 proceedings results in a violation of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution and Art I, § 20 of the Oregon Constitution. We do not reach the question of whether the rule requiring the Board to retain prison hearing records for a minimum of two years results in a deprivation of petitioner's constitutionally protected rights, because we find petitioner's appeal is not properly before us.

ORS 144.335 provides for judicial review of final orders by the Board relating to the granting of parole. *Harris v. Board of Parole,* 288 Or 495, 503, 605 P2d 1181 (1980). This court has held that that decision of the Board setting a release date is a final order within the meaning of ORS 144.335(1). *Folk v. Board of Parole,* 53 Or App 142, 631 P2d 353 (1981); *Harris v. Board of Parole,* 47 Or App 289, 297, 614 P2d 602 (1980). ORS 144.335 provides, in pertinent part:

"(1) When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or

---

[1] ORS 144.120(1) requires the Board of Parole to conduct an initial parole hearing within six months of a prisoner's admission to any state penal or correctional institution.

[2] OAR 255-30-050 requires the Board of Parole to retain records of the prison term hearing and any other hearing for "at least two years."

discharging of parole, such person is entitled to judicial review of the final order.

"(2) The order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 60 days of the order for which review is sought. The board shall submit to the court the record of the proceeding, or, if the inmate agrees, a shortened record. A copy of the record transmitted shall be delivered to the inmate by the board.

"* * * * *"

■■ Petitioner had 60 days from the initial parole release date order to appeal that order to this court. The fact that the rule governing "administrative appeals" contains no restrictions on the time frame for requesting *administrative* review does not extend the time limit for *judicial* review.[3] Denial by the Board of an administrative appeal is not a final order within the meaning of ORS 144.335(1).

■ Both *Harris* decisions, on Supreme Court review and on remand, recognized that not all "orders" by the Board of Parole relating to the granting of parole are final orders. 288 Or at 504; 47 Or App at 292. ORS 183.310(4)(b), the section of the Oregon Administrative Procedures Act which defines "final order" as it applies to state agencies, and which applies to the Board of Parole, *Harris v. Board of Parole, supra,* 47 Or App at 303, defines final order as "final agency action expressed in writing." In the case of release date hearings, the final order is the decision of the

---

[3] OAR 254-80-005, the rule in effect at the time of petitioner's initial release date hearing, provided:

"Administrative appeal may be requested by an offender or a Board member, when the basis for the appeal meets the criteria of the Board. The chairman shall examine the request to ascertain whether or not it is meritorious, consistent with the Board's criteria and would have affected the decision. Should this examination satisfy the above requirements, the chairman will remand the case to the panel which heard it if possible. The appeal panel will conduct a new hearing. If the requirements are not met, the chairman will inform the offender in writing that the prior decision remains in effect."

The present rule, OAR 255-80-005, effective February 1, 1979, contains similar language and no time restriction. In this case, we do not know what petitioner was told regarding the time for an administrative appeal.

Board setting a release date.[4] The request for administrative appeal is in the nature of a motion to vacate or to set aside the judgment. An order by a court denying such a motion is not an appealable order. *Unemployment Comp. Com. v. Bates,* 227 Or 357, 362 P2d 321 (1961); *Credit Bureau Inc. of Georgia v. Marshall,* 53 Or App 46, 630 P2d 910 (1981). The order denying petitioner's request here is likewise not appealable. Petitioner's appeal from the final order of July 13, 1977, was not timely filed and he may not appeal from the June, 1980, decision to deny administrative review.

Appeal dismissed.

---

[4] OAR 255-30-055 requires the Board to notify the prisoner, sentencing court, district attorney and Corrections Division of its decision setting a parole release date and requires it to "state the specific facts and reasons for the Board decision, including the history/risk score, offense severity rating, range and date set, the specific facts and reasons for a Board decision to go outside the applicable guideline range or to deny parole, and the votes of the individual Board members. That rule also requires that the prisoner be given notice of the right to administrative appeal. Under OAR 255-80-055, which governs administrative appeals, the chairperson of the Board determines whether a request for review is consistent with Board criteria for appeal, and if so, remands the case for rehearing. If the chairperson decides to deny the request, the prisoner must be informed in writing of the specific reasons for the denial. In the present case, petitioner was told "Your request does not meet the criteria necessary for review."