Argued and submitted December 14, 1981, appeal dismissed June 16, 1982

## JOHN H. PALAIA,
*Petitioner,*

*v.*

## STATE BOARD OF PAROLE,
*Respondent.*

(No. CA A21976)

646 P2d 654

John Daugirda, Deputy Public Defender, Salem, argued the cause for petitioner. With him on the brief was Gary D. Babcock, Public Defender, Salem.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and William F. Gary, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Thornton and Van Hoomissen, Judges.

RICHARDSON, P. J.

**RICHARDSON, P. J.**

Petitioner, an inmate of the Oregon State Penitentiary, appeals an order of the Parole Board setting his parole release date pursuant to ORS 144.120. We dismiss the appeal.

Because we decline to review the merits of petitioner's appeal, we set forth only the procedural history of the order appealed. On July 3, 1980, the Board set a May, 1985, parole release date for petitioner. Petitioner appealed that order. After that notice of appeal was filed, an assistant attorney general wrote a letter to the Board indicating that the order was erroneous and asking that it be withdrawn. In response, the Board withdrew the order, and we dismissed the appeal on motion of the state. The Board then set a new hearing date and after that hearing issued an order on June 24, 1981, setting petitioner's parole release date to March, 1985. On July 17, 1981, petitioner, by written petition, requested administrative review by the Board, pursuant to OAR 255-80-005. In the petition he alleged that the Board had improperly applied aggravating factors in setting the release date. In an order dated August 3, 1981, the Board granted administrative review. The order stated: "The Board only will consider the UUOV [unauthorized use of vehicle] claim at your hearing" and indicated a hearing would be scheduled for the first available date. On August 21, 1981, petitioner filed a petition for review in this court. As indicated in petitioner's brief, administrative review of the order was then still pending before the Board.

We are authorized by ORS 144.335 to review final orders of the Parole Board setting release dates. *Harris v. Board of Parole,* 47 Or App 289, 614 P2d 602, *rev den* 290 Or 157 (1980). The critical requirement is that the order be final at least in terms of a disposition of the issue in a particular parole release date hearing. The order from which petitioner appeals is not a final order.

Appeal dismissed.