Argued and submitted February 16, reversed and remanded for
reconsideration April 13, 1983

SMITH,
*Petitioner,*
*v.*
BOARD OF PAROLE,
*Respondent.*

(CA A25307)

661 P2d 558

Stephen H. Gorham, Salem, argued the cause and filed
the brief for petitioner.

Scott McAlister, Assistant Attorney General, Salem,
argued the cause for respondent. With him on the brief
were Dave Frohnmayer, Attorney General, and William F.
Gary, Solicitor General, Salem.

Before Gillette, Presiding Judge, and Warden and Young, Judges.

YOUNG, J.

## YOUNG, J.

Petitioner appeals from an order of the Board of Parole (Board) establishing his history risk score, crime category and his matrix range. He contends that the Board failed to follow its own rule in setting his history risk score and failed to obtain the material it was required to consider in setting his matrix range. The Board concedes error in both respects but contends that the error is harmless, because it did not vote to override the minimum sentence imposed by the trial court. We reverse and remand.

Petitioner was convicted in Jackson County on three counts of first degree burglary[1] and given a 20-year sentence with a seven and one-half year minimum. When he appeared before the Board pursuant to ORS 144.120, the Board set his history risk score at 4, his crime category at 4 and his matrix range at 22 to 30 months. Three Board members voted to sustain the judicially imposed minimum sentence and two members voted to override it.

Petitioner contends that the Board erred in setting his matrix range without obtaining the material required by ORS 144.210, which provides:

> "After a person convicted of a felony is committed to the legal and physical custody of the Corrections Division, the State Board of Parole shall obtain from the sentencing judge, the district attorney and the sheriff or arresting agency a statement of all the facts concerning such convicted person's crime and any other information which they may have concerning the convicted person. The sentencing judge, the district attorney, the sheriff and the arresting agency shall give the board such information and indicate to the board what, in their judgment, should be the duration of such convicted person's confinement. * * *"

The Board argues that its failure to obtain the required information is irrelevant in this situation, because that information is only relevant to applying the matrix. Here it is the judicially imposed minimum sentence that will control petitioner's release and not the matrix.

---

[1] Petitioner had also been convicted in Jackson County of second degree burglary and placed on probation. He had also been convicted in Polk County of unauthorized use of a motor vehicle and first degree burglary and sentenced to 15 years with a seven and one-half year minimum, to run concurrently with the Jackson County sentence.

ORS 144.110 provides:

"(1)   In any felony case, the court may impose a minimum term of imprisonment of up to one-half of the sentence it imposes.

"(2)   Notwithstanding the provisions of ORS 144.120 and 144.780:

"(a)   The board shall not release a prisoner on parole who has been sentenced under subsection (1) of this section until the minimum term has been served, except upon affirmative vote of at least four members of the board.

"* * * * *"

ORS 144.120 requires that the Board conduct a parole hearing within six months after admission of a prisoner and set an initial release date. Subsection (3) of that statute requires:

"In setting the initial parole release date for a prisoner pursuant to subsection (1) of this section, the board shall consider reports, statements and information received under ORS 144.210 from the sentencing judge, the district attorney and the sheriff or arresting agency."

Although it is true that ORS 144.110(2) does not indicate what information is to be considered or what criteria are to be applied by the Board in deciding whether to override a judicially imposed minimum, ORS 144.210 requires that the information mentioned in that section be obtained for every prisoner convicted of a felony. It does not limit the requirement of obtaining that information to situations in which the Board does not override the minimum sentence. The information to be obtained pursuant to ORS 144.210 concerns the facts of the crime, other facts concerning the prisoner and the opinions of the sentencing judge, district attorney and arresting agency regarding the appropriate period of confinement. This information is supposed to provide the Board some basis upon which to make its decision, including the decision whether to override the judicially imposed minimum sentence.

We conclude that ORS 144.210 is applicable whether the Board votes to override the minimum sentence or not. The decision to leave intact or override a minimum sentence lies in the discretion of the Board; however, the

statutory scheme requires that the Board make an informed decision. It admits here that it did not obtain the information required by ORS 144.210 before making its decision in this case. It must reconsider its decision after obtaining the required information. The Board should also correct petitioner's history risk score in conformance with its rules.

Reversed and remanded for reconsideration.