Argued and submitted January 24, affirmed April 17,
submitted on petitioners' petition for rehearing May 7, denied May 30, 1984,
petitioner Borders' petition for judicial review reinstated and case remanded
to Court of Appeals (297 Or 222, 681 P2d 1128 (1984))

KEITH D. ESPERUM,
*Petitioner on Review,*

*v.*

OREGON BOARD OF PAROLE,
*Respondent on Review,*

(CA A28445; SC S30136)


ROBERT GHOLSTON,
*Petitioner on Review,*

*v.*

OREGON BOARD OF PAROLE,
*Respondent on Review,*

(CA A28463; SC S30139)


BRUCE GRESS,
*Petitioner on Review,*

*v.*

OREGON BOARD OF PAROLE,
*Respondent on Review,*

(CA A28321; SC S30138)


RAYMOND C. ALEXANDER,
*Petitioner on Review,*

*v.*

OREGON BOARD OF PAROLE,
*Respondent on Review,*

(CA A28308; SC S30167)


JIMMIE CARL HALL,
*Petitioner on Review,*

*v.*

OREGON BOARD OF PAROLE,
*Respondent on Review,*

(CA A29149; SC S30208)

IRVING S. WISE,
*Petitioner on Review,*

*v.*

OREGON BOARD OF PAROLE,
*Respondent on Review,*

(CA A29278; SC S30149)

JOHN D. LEFTRIDGE,
*Petitioner on Review,*

*v.*

OREGON BOARD OF PAROLE,
*Respondent on Review,*

(CA A28402; SC S30155)

MICHAEL McINROE,
*Petitioner on Review,*

*v.*

OREGON BOARD OF PAROLE,
*Respondent on Review,*

(CA A28338; SC S30168)

MICHAEL ST. MARTIN,
*Petitioner on Review,*

*v.*

OREGON BOARD OF PAROLE,
*Respondent on Review,*

(CA A28394; SC S30137)

DONALD G. SAGER,
*Petitioner on Review,*

*v.*

OREGON BOARD OF PAROLE,
*Respondent on Review,*

(CA A28831; SC S30154)

ROBBIN O. BORDERS,
*Petitioner on Review,*

*v.*

OREGON BOARD OF PAROLE,
*Respondent on Review,*

(CA A28306; SC S30135)

DANIEL J. McSORLEY,
*Petitioner on Review,*

*v.*

OREGON BOARD OF PAROLE,
*Respondent on Review,*

(CA A28744; SC S30166)

TRACY RAE ELLIOTT,
*Petitioner on Review,*

*v.*

OREGON BOARD OF PAROLE,
*Respondent on Review,*

(CA A28406; SC S30140)

MARK K. KNUTSON,
*Petitioner on Review,*

*v.*

OREGON BOARD OF PAROLE,
*Respondent on Review,*

(CA A28656; SC S30182)
(Consolidated on Review)

681 P2d 1128

Ernest E. Estes, Deputy Public Defender, Salem, argued the cause for petitioners on review. Petitioners on review filed petitions pro se.

Scott McAlister, Assistant Attorney General, Salem, argued the cause for respondent on review. With him on the response to the petitions were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

JONES, J.

**JONES, J.**

Petitioners, inmates in the Oregon State Penitentiary, filed petitions with the Court of Appeals for review of orders by the Board of Parole relating to the granting of parole. The Court of Appeals dismissed the appeals as untimely.

Petitioners then filed with this court petitions for review of the orders of dismissal by the Court of Appeals. We allowed the petitions for review because the question of when the orders by the Board of Parole are subject to judicial review is one of significant importance to the functioning of the administrative and statutory programs for parole of persons incarcerated for crimes.

In each of these cases consolidated for review, the Board of Parole entered an order setting a parole release date pursuant to ORS 144.120(1). It provides:

> "Within six months of the admission of a prisoner to any state penal or correctional institution, the board shall conduct a parole hearing to interview the prisoner and set the initial date of release on parole * * *."

Petitioners did not seek judicial review of these original parole release date orders.

ORS 144.335 provides in pertinent part:

> "(1)  When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole, such person is entitled to judicial review of the final order.

> "(2)  The order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 60 days of the order for which review is sought. * * *"

Subsequent to the setting of the original parole release date for each of the petitioners, the Court of Appeals decided *Smith v. Board of Parole,* 62 Or App 628, 661 P2d 558 (1983). The court held that the Board of Parole erred in failing to obtain and consider specified information in setting the initial parole release date for a prisoner pursuant to ORS

144.210.[1] After that decision, each petitioner filed a Petition for Administrative Review seeking to have *Smith* retroactively applied to his case. The Board of Parole's chairperson denied each request, stating:

> "Your administrative review request is denied.
> "The Smith vs. Board of Parole decision is being retroactively applied only in those cases in which an appeal of a date set had been filed and was pending at the time of the decision."

Each petitioner subsequently sought judicial review of this Board action which the Court of Appeals dismissed. We set forth the following dates of each petitioner's orders:

| Petitioner | Order Setting Release Date | Scheduled Release Date | Denial of Request for Administrative Review | Petition for Judicial Review |
|---|---|---|---|---|
| Esperum | 10/21/81 | 11/00/90 | 05/09/83 | 05/27/83 |
| Gholston | 02/16/83 | 06/28/85 | 05/09/83 | 05/28/83 |
| Gress | 03/09/83 | 01/13/92 | 05/09/83 | 05/17/83 |
| Alexander | 03/08/82 | 03/00/87 | 05/09/83 | 05/14/83 |
| Hall | 02/14/83 | 06/00/87 | 06/30/83 | 07/31/83 |
| Wise | 04/29/81 | 01/00/86 | 06/20/83 | 08/14/83 |
| Leftridge | 04/16/82 | 04/00/87 | 05/18/83 | 05/24/83 |
| McInroe | 03/09/83 | 07/10/87 | 05/09/83 | 05/14/83 |
| St. Martin | 03/03/83 | 10/00/86 | 05/09/83 | 05/20/83 |
| Sager | 01/19/83 | 05/00/85 | 06/07/83 | 06/30/83 |
| Borders | 03/09/83 | 10/00/85 | 05/09/83 | 05/14/83 |
| McSorley | 03/03/83 | 09/05/87 | 06/30/83 | 07/30/83 |
| Elliott | 12/14/82 | 10/00/84 | 03/25/83 | 05/24/83 |
| Knutson | 06/18/82 | 04/00/87 | 05/17/83 | 06/17/83 |

[1] ORS 144.210 provides:

> "After a person convicted of a felony is committed to the legal and physical custody of the Corrections Division, the State Board of Parole shall obtain from the sentencing judge, the district attorney and the sheriff or arresting agency a statement of all the facts concerning such convicted person's crime and any other information which they may have concerning the convicted person. The sentencing judge, the district attorney, the sheriff and the arresting agency shall give the board such information and indicate to the board what, in their judgment, should be the duration of such convicted person's confinement. All such statements and information shall be made available to the Corrections Division."

The Board conceded it failed to obtain the material it was required to consider in setting the matrix range. The Court of Appeals in *Smith* held the Board must consider such information in deciding whether to override minimum sentences.

■ In *Harris v. Board of Parole,* 47 Or App 289, 614 P2d 602 (1980), the Court of Appeals, on remand from this court, 288 Or 495, 605 P2d 1181 (1980), held that an order setting an initial parole release date pursuant to ORS 144.120(1) was a "final order" subject to judicial review. We agree that the Court of Appeals was correct in holding that such an action by the Board of Parole was a final order and appealable to the Court of Appeals if done timely under ORS 144.335(2), which requires the petition to be filed within 60 days of the "final order."

■ The legislature has provided a basis for judicial review of orders setting an initial parole release date. In addition, the Board of Parole adopted rules which allow a prisoner also to appeal administratively the Board's action. OAR 255-80-005 provides in relevant part:

> "(1) Administrative appeal may be requested by a prisoner or a Board member. If the chairperson of the Board determines the request is consistent with the Board's criteria * * *, the chairperson shall order an Administrative Review by the original panel, where practical, * * *.

> "* * * * *

> "(3) The chairperson shall inform the prisoner in writing of the specific reasons for denial of the appeal and leaving the prior decision in effect."

The Board also adopted rules which allow a case to be "reopened." OAR 255-40-020 provides:

> "The Board may reopen any case for reconsideration upon formal written request of a prisoner to the chairperson or motion of a Board member * * *."

None of these provisions imposes a time limitation for the prisoner to make application. A prisoner may *apply* for an altered release date at any time throughout the period of incarceration.[2]

■ Under these administrative rules, the Board of Parole may generate alternative responses to inmate applications for administrative reconsiderations. Included would be an order to:

(1) Deny the *request* for reconsideration;

---

[2] A prisoner is not required to exhaust this elective administrative remedy to obtain judicial review.

(2)   Allow the request and grant some relief by changing the order; or

(3)   Allow the request, but deny relief.

As to the first of these responses, the Court of Appeals, in *Cruz v. Board of Parole,* 53 Or App 263, 631 P2d 829 (1981),[3] held that a Board decision to deny a request for administrative review was *not* a "final order" within the meaning of ORS 144.335(1), noting:

> "Petitioner had 60 days from the initial parole release date order to appeal that order to this court. The fact that the rule governing 'administrative appeals' contains no restrictions on the time frame for requesting *administrative* review does not extend the time limit for *judicial* review. Denial by the Board of an administrative appeal is not a final order within the meaning of ORS 144.335(1)." (Footnote omitted; original emphasis.) 53 Or App at 266.

A contrary holding would effectively eliminate the statutory 60-day petition requirement because an inmate could challenge an initial order, no matter how old, by seeking administrative review and then challenge the denial. In *Cruz,* the petitioner did not appeal the initial release date within 60 days as provided by ORS 144.335(2) and, in fact, waited nearly three years before requesting administrative review of that order.

As to the second alternative response by the Board of Parole, the Court of Appeals decided that if a request for administrative review is allowed and the Board of Parole grants some relief by issuing an order resetting the initial parole release date, the new order is a "final order" subject to judicial review under ORS 144.335(1). *Hein v. Board of Parole,* 56 Or App 293, 641 P2d 642 (1982). In *Hein,* the court stated:

> "The Board contends that such a holding would 'nullify' our decision in *Cruz v. Board of Parole,* 53 Or App 263, 631 P2d 829, *rev den* 291 Or 893 (1981), and the 60-day appeal period in ORS 144.335(2). In *Cruz* we held that the *denial* of a request for administrative review of an order setting a parole

---

[3] *Matteson v. Board of Parole,* 52 Or App 737, 629 P2d 1317, *rev den* 291 Or 662 (1981), appears inconsistent with *Cruz.* In *Matteson,* which was decided before *Cruz,* the Court of Appeals considered an appeal from a denial of a prisoner's request for administrative review which was not filed in the Court of Appeals within the 60 days set forth in ORS 144.335(2). However, in *Matteson,* the state never addressed the appealability of the order, the issue was never raised in the briefs and was not considered sua sponte by the Court of Appeals.

release date was not a 'final order' within the meaning of ORS 144.335(1). We further held that this court had no jurisdiction to review the original order of the Board, because petitioner had failed to seek judicial review of that order within the 60-day time limit. *Cruz* does not apply in the present case in which administrative review was *granted* and a new parole release date was set. Under *Harris, [supra],* the grant of a parole release date constitutes a final order and is, therefore, reviewable by this court." (Footnote omitted; original emphasis.) 56 Or App at 296.

As to the third alternative response by the Board of Parole pertaining to orders which do not grant relief but follow the granting of administrative reconsideration, the Court of Appeals in *Palaia v. Board of Parole,* 57 Or App 781, 646 P2d 654 (1982), held that if the Board of Parole had accepted administrative review, the underlying initial date of release order was not "final" while the administrative review was pending. In *Palaia,* the prisoner received a parole release date on June 24, 1981, setting his release date to March, 1985. On July 17, 1981, he requested administrative review of that action by the Board pursuant to OAR 255-80-005 and the Board granted review on August 3, 1981. On August 21, 1981, within the 60 days provided for in ORS 144.335(2), the prisoner filed a petition in the Court of Appeals for review of the order by the Board of Parole setting his release date to March, 1985. As mentioned, the Court of Appeals held that order was not a final order because the administrative review was still pending.

Where does that leave the prisoner in the event the Board grants an administrative review hearing and while the administrative action is pending the prisoner's 60-day period for Court of Appeals review expires under ORS 144.335(2), followed by a denial of relief by the Board? The prisoner cannot obtain Court of Appeals review of his set parole date because of the pending administrative action under *Palaia,* and yet *Cruz*[4] suggests that a *request* for administrative review

---

[4] Petitioners suggest *Cruz v. Board of Parole,* 53 Or App 263, 631 P2d 829 (1981), was wrongly decided and prisoners should be allowed to challenge orders denying administrative reconsideration because administrative reviews are the same as petitions for agency rehearings. Petitioners claim that a petition for rehearing before a state agency under the APA should be applied. ORS 183.482(1) provides for judicial review of "contested cases" within 60 days of the date of the order upon which the petition is based or an order denying a request for rehearing. However, the provisions

does not extend the time limit for judicial review. Implicit in the Court of Appeals decision in *Palaia* is the proper answer to the third suggested alternative response by the Board. When reconsideration of an administrative order is requested and granted, and the administrative action denies parole release date relief, such a denial of relief is subject to judicial review in the Court of Appeals if the petition from the date of the order denying relief is filed within 60 days as provided in ORS 144.335(2).

■■    If a petition for administrative review has been filed by a prisoner within 60 days of the setting of the parole release date and no administrative decision has been made to grant or deny the administrative review, the prisoner must file his or her appeal for judicial review within 60 days of the setting of the parole release date because the request for administrative review does not stay the 60-day time limit for judicial review. Here we are concerned with petitions that were not filed with the Court of Appeals within 60 days of the order setting the parole release date and no administrative review was ever granted. Therefore, the rule we adopt from *Cruz, supra* at 5, applies. We hold that the Board of Parole order denying relief is not appealable.

---

of ORS 183.482 are not applicable to petitions for review brought pursuant to ORS 144.335 by prisoners. ORS 183.315(5) states:

"The provisions of ORS 183.415 to 183.430, 183.440 to 183.460, 183.470 to 183.485 and 183.490 to 183.500 do not apply to orders issued to persons who have been committed pursuant to ORS 137.124 to the custody of the Corrections Division."