Argued and submitted on May 17, writ dismissed July 3, 1985

IRVING S. WISE,
*Respondent,*

*v.*

HAYS,
*Appellant.*

(145,525; CA A33783)

701 P2d 1054

Scott McAlister, Assistant Attorney General, Salem, argued the cause for appellant. With him on the brief were Dave Frohnmayer, Attorney General, and James E. Mountain, Jr., Solicitor General, Salem.

No appearance for respondent.

Before Buttler, Presiding Judge, and Warden and Van Hoomissen, Judges.

VAN HOOMISSEN, J.

## VAN HOOMISSEN, J.

Defendant appeals the issuance of a peremptory writ of mandamus requiring the Board of Parole to conduct a parole consideration hearing for plaintiff. We conclude that the circuit court erred in issuing the writ and quash it. The Board of Parole established plaintiff's parole release date as January, 1986. He did not seek judicial review of that decision, and the time for direct review passed. Subsequently, he petitioned for an alternative writ of mandamus seeking a rehearing, because, he contended, the Parole Board had failed to comply with ORS 144.210 at his earlier hearing. *See Smith v. Board of Parole,* 62 Or App 628, 661 P2d 558 (1983). Defendant moved to dismiss the petition, arguing that mandamus would not lie, because the Board's decision setting plaintiff's parole release date was subject to direct judicial review and he had failed to seek judicial review. *See Esperum v. Board of Parole,* 296 Or 789, 681 P2d 1128 (1984); *Harris v. Board of Parole,* 47 Or App 289, 614 P2d 602, *rev den* 290 Or 157 (1980); ORS 144.335. The trial court rejected that argument and issued the writ. We conclude that that action was erroneous.

Mandamus cannot be used as a substitute for appellate review. *State ex rel Ricco v. Biggs,* 198 Or 413, 422, 255 P2d 1055 (1953). The writ is extraordinary and is not to be issued in any case when there is a "plain, speedy and adequate remedy in the ordinary course of the law." ORS 34.110. Direct appeal is an adequate remedy within the meaning of ORS 34.110. *State ex rel LeVasseur v. Merten,* 297 Or 577, 580, 686 P2d 366 (1984).

Having failed to seek judicial review of the Board's order, plaintiff is not now entitled to relief by writ of mandamus. *Rosboro Lumber Co. v. Heine,* 289 Or 909, 922-923, 618 P2d 960, *reh den* 290 Or 213, 620 P2d 925 (1980); *see* see Annot., 145 ALR 1044 (1943).

Peremptory writ of mandamus quashed.