On respondent's motion to dismiss filed May 21, 1990, motion to dismiss denied
March 6, 1991

## RANDY ALLEN DENHAM,
*Petitioner,*

*v.*

## STATE BOARD OF PAROLE,
*Respondent.*

(CA A63107)

806 P2d 1167

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John Reuling, Assistant Attorney General, Salem, for the motion.

Jay Edwards, Salem, *contra.*

Before Rossman, Presiding Judge, and Newman and Edmonds, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Petitioner seeks judicial review of an order of the Board of Parole on administrative review, dated October 30, 1989, denying relief from an order of August 3, 1989, setting petitioner's parole release date. The Board moved to dismiss for lack of jurisdiction, because 1) petitioner failed to file his petition for judicial review within 60 days after the Board issued its August 3, 1989, order; and 2) the October 30, 1989, order attached to the petition for judicial review is an administrative decision and not a judicially reviewable order. We deny the motion.

Before a 1989 amendment, ORS 144.335 contained no requirement that an inmate exhaust administrative remedies before seeking judicial review of a Board order. The time within which to file a petition for judicial review was 60 days from the date of the original Board order, *Cruz v. Board of Parole,* 53 Or App 263, 266, 631 P2d 829, *rev den* 291 Or 893 (1981); *see Walker v. Board of Parole,* 106 Or App 238, 806 P2d 1165 (1991), unless an inmate requested *and was granted* administrative review, whether or not relief was eventually granted. *Esperum v. Board of Parole,* 296 Or 789, 798, 681 P2d 1128, *on rehearing* 297 Or 222, 681 P2d 793 (1984). If administrative review was granted, the time for filing a petition for judicial review began when the order on administrative review issued.

ORS 144.335[1] now provides, in part:

"(1)   When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole or the revoking of post-prison supervision *and after exhaustion of administrative review as provided by board rule,* such person is entitled to judicial review of the final order.

"(2)   The final order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 60 days of the final order for which review is sought. The board shall submit to the court

---

[1] ORS 144.335(1) was amended by Oregon Laws 1989, chapter 790, section 42. Chapter 790 contained an emergency clause, section 136, which made the statute effective on July 25, 1989.

the record of the proceeding, or, if the inmate agrees, a shortened record. A copy of the record transmitted shall be delivered to the inmate by the board." (Emphasis supplied.)

When a statute sets out a procedure by which a party may seek administrative review of an agency's determination, judicial review is available only if that procedure has been followed. *See Miller v. Schrunk et al,* 232 Or 383, 388, 375 P2d 823 (1962). Once an inmate files a timely request for administrative review, which must be within 45 days after the Board's final action,[2] the reviewable order is the *order on administrative review,* and the 60 days within which to file a petition for judicial review runs from the date when that order is issued. Petitioner's request for administrative review was filed within 45 days after the original order, OAR 255-80-005(2), and the petition for judicial review was filed within 60 days after the order on review was issued. We have jurisdiction under ORS 144.335(1).

Motion to dismiss denied.

---

[2] OAR 255-80-005(2) provides, in part:

"Requests for administrative review must be made within forty-five (45) days after the Board's final action on the reviewed issue."