On respondent's motion to dismiss filed August 14, 1990, judicial review dismissed
March 6, 1991

## DEWEY C. WALKER,
*Petitioner,*

*v.*

## STATE BOARD OF PAROLE,
*Respondent.*

(CA A65813)

806 P2d 1165

Dave Frohnmayer, Attorney General, Virginia L. Linder, Solicitor General, and John Reuling, Assistant Attorney General, Salem, for the motion.

Dewey C. Walker, Salem, *pro se, contra.*

Before Rossman, Presiding Judge, and Newman and Edmonds, Judges.

ROSSMAN, P. J.

## ROSSMAN, P. J.

Petitioner seeks judicial review of an order of the Board of Parole dated June 7, 1990, which, according to petitioner, denied relief on administrative review of an order dated April 20, 1988, setting petitioner's parole release date. The Board moved to dismiss on the ground that the court does not have jurisdiction under ORS 144.335(1) to review orders on administrative review. We allow the motion.

Although ORS 144.335 was amended in 1989,[1] when the order setting petitioner's parole release date was issued on April 20, 1988, it provided, in part:

"(1)   When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole, such person is entitled to review of the final order.

"(2)   The order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 60 days of the order for which review is sought. The board shall submit to the court the record of the proceeding, or, if the inmate agrees, a shortened record. A copy of the record transmitted shall be delivered to the inmate by the board."

■■   Under that version of ORS 144.335, which is applicable in this case, we held that an inmate has 60 days from the date of the order setting a parole release date within which to file a petition for judicial review. *Cruz v. Board of Parole,* 53 Or App 263, 266, 631 P2d 829, *rev den* 291 Or 893 (1981). That time limit was not extended if the inmate sought administrative review of the order. Moreover, an order on administrative review was not judicially reviewable, *see Cruz v. Board of Parole, supra,* 53 Or App at 267, unless the Board actually allowed administrative review. *Esperum v. Board of Parole,* 296 Or 789, 796, 681 P2d 1128, *on rehearing* 297 Or 222, 681 P2d 793 (1984). If the Board allowed administrative review, the time for judicial review ran from the date of the order on administrative review, whether or not relief was granted. *Esperum v. Board of Parole, supra,* 296 Or at 796.

---

[1] Although ORS 144.335 has been amended, and the rules in *Cruz* and *Esperum* were modified thereby, *see Denham v. Board of Parole,* 106 Or App 234, 806 P2d 1167 (1991), the change became effective on July 25, 1989, after the date of the order setting petitioner's parole release date, and does not affect this case.

■ Here, petitioner waited two years to request administrative review of the April 20, 1988, order setting a parole release date. The time to petition for review of the original order was long past. ORS 144.335. The order on administrative review reads "relief denied," which, in the absence of any indication that the Board actually undertook administrative review, we interpret to mean "review denied." Denial of administrative review is not judicially reviewable. *Esperum v. Board of Parole, supra.* Accordingly, the motion to dismiss is allowed.

Judicial review dismissed.