Argued and submitted August 13, petition for judicial review dismissed
October 15, 1997

# LARRY ALAN LUCKEY,
*Petitioner,*

*v.*

# BOARD OF PAROLE
# AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A92472 (Control); A93106)
(Cases Consolidated)

946 P2d 361

Andy Simrin, Deputy Public Defender, argued the cause for petitioner. With him on the brief was Sally L. Avera, Public Defender.

Christine A. Chute, Assistant Attorney General, argued the cause for respondent. With her on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

**RIGGS, P. J.**

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision (Board) setting his parole release date and term of parole supervision. We dismiss the petition on the ground that the Board's order is not subject to judicial review.

Petitioner was convicted of sodomy in the first degree in 1984 and sentenced to 20-years incarceration with a 10-year minimum sentence. Several months before his anticipated release date, the Board issued an order setting a release date of September 5, 1996, with a 12-month period of supervised parole. That date was two days before petitioner's scheduled "good time" release date—his original sentence less credits for good behavior. Had petitioner served until his good time date, he would have been released unconditionally, with no period of post-prison supervision. Petitioner appealed the Board's order in an administrative proceeding, asserting the right to refuse parole and serve until his good time date, which would have the effect of avoiding any post-prison supervision. The Board denied relief, and petitioner seeks review.

Petitioner relies upon our decision in *Bollinger v. Board of Parole*, 142 Or App 81, 920 P2d 1111, *rev allowed* 324 Or 394 (1996). In *Bollinger*, we held that ORS 144.245(3), which bars prisoners from refusing parole, could not be applied to the petitioner, whose period of incarceration began before the statute's 1985 enactment, because before 1985 prisoners had the right to refuse parole. 142 Or App at 87-88. Forcing the petitioner to accept supervised parole shortly between his good time release would have increased his period of state supervision. Accordingly, we held that applying ORS 144.245(3) to the petitioner would violate the constitutional prohibition on *ex post facto* laws. *Id.* at 88.

Petitioner argues, and the state concedes, that the facts in this case are substantially similar to those in *Bollinger*. Here, as in *Bollinger*, petitioner was convicted before the 1985 passage of ORS 144.245(3). On that basis he argues that we must reverse the Board's ruling.

The state contends, however, that we are precluded from reviewing the Board's order by ORS 144.335(3). That

subsection, added to ORS 144.335 by 1995 amendment, provides, in pertinent part:

> "(3)   Notwithstanding subsection (1) of this section, *the board's order is final and is not subject to judicial review when the board makes any decision relating to a release date* or a parole consideration hearing date * * *." (Emphasis supplied.)

The state argues that the Board's order was a decision relating to a release date within the meaning of the statute, and appellate review of the order is therefore barred by this statutory provision.

■   We agree with the state. The Board's order, which sets petitioner's release date, is clearly a "decision relating to a release date." The text of ORS 144.335(3) unambiguously expresses the legislature's intent that such decisions not be subject to direct review by this court. Accordingly, we may not address the merits of petitioner's constitutional claims in this judicial review. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 611, 859 P2d 1143 (1993).

■   We emphasize that we are not rejecting our reasoning in *Bollinger*. *Bollinger* was a review of an order issued in 1994, before the enactment of the 1995 amendment to ORS 144.335, and thus that statute did not preclude our review. Nor has the legislature deprived petitioner of all opportunity to adjudicate his constitutional grievances. The bar on direct judicial review of Board orders in ORS 144.335(3) "does not prevent inmates from collaterally attacking either the statute or the Board's decisions * * * through a panoply of procedures, including declaratory judgment or certain special writ proceedings * * *." *Shelby v. Board of Parole*, 140 Or App 102, 113, 915 P2d 414, *rev den* 324 Or 18 (1996).

Petition for judicial review dismissed.