On appellant's Motion for Reconsideration filed December 4, and Motion to Hold Case in Abeyance filed December 19, 1997; motion for reconsideration allowed; order dismissing review adhered to; motion to hold case in abeyance denied May 13, 1998

## JOHN YANCY RICKMAN, JR.,
*Petitioner,*

*v.*

## OREGON BOARD OF PAROLE AND POST-PRISON SUPERVISION,
*Respondent.*

(CA A92503)

959 P2d 617

John Yancy Rickman, Jr., *pro se*, for motions.

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Christine A. Chute, Assistant Attorney General, *contra*.

Before Landau, Presiding Judge, and Haselton and Armstrong, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Petitioner moves for reconsideration of our order dismissing review of the Board of Parole and Post-Prison Supervision's (Board) denial of a rerelease date and for an order holding the case in abeyance. We allow the motion to reconsider, adhere to our order dismissing review, and deny the motion to hold the case in abeyance.

■ Petitioner was convicted of murder, sentenced to life in prison, and eventually paroled. After finding that petitioner had violated the conditions of his parole, the Board revoked parole. On May 11, 1995, the Board issued an order denying petitioner a rerelease date as a sanction for parole violations. Petitioner sought administrative review of that order, and the Board denied relief on October 10, 1995, and January 30, 1996. Petitioner then sought judicial review of the January 30 order denying administrative review.

The state moved to dismiss review, arguing that the 1995 legislative changes to ORS 144.335 removed our jurisdiction over all Board orders "relating to a release date." ORS 144.335(3). Based on *Luckey v. Board of Parole and Post-Prison Supervision*, 150 Or App 480, 946 P2d 361 (1997), we granted the motion to dismiss. Petitioner now moves for reconsideration, arguing that we erred in applying the 1995 version of ORS 144.335 and *Luckey* to his case because the May 11, 1995, Board order denying him a rerelease date was issued before the effective date of the 1995 legislative changes.

ORS 144.335(1) provides, as it has during all times relevant to petitioner's case:

"When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole, the revoking of post-prison supervision or the imposition of conditions of parole or of post-prison supervision and after exhaustion of administrative review as provided by board rule, such person is entitled to judicial review of the final order."

In 1995, the legislature enacted Senate Bill 191 (Or Laws 1995, ch 108, § 3), which provides:

> "Notwithstanding subsection (1) of this section, the board's order is final and is not subject to judicial review when the board makes any decision relating to a release date or a parole consideration hearing date, including [orders listed in (a)-(i)]."

ORS 144.335(3). In *Luckey*, we held that ORS 144.335(3) "unambiguously expresses the legislature's intent that [decisions 'relating to a release date'] not be subject to direct review by this court." 150 Or App at 483. Oregon Laws 1995, chapter 108, section 4(2) provided, however, that

> "[t]he amendments to ORS 144.335 by section 3 of this Act apply only to orders of the State Board of Parole and Post-Prison Supervision made on or after the effective date of this Act. Any order of the State Board of Parole and Post-Prison Supervision made before the effective date of this Act is subject to the provisions of ORS 144.335 (1993 Edition)."

The changes to ORS 144.335 became effective on September 9, 1995. Or Laws 1995, ch 108.

Petitioner argues that, because the Board issued its order denying him a rerelease date on May 11, 1995, before the effective date of the 1995 changes, the exception to judicial review embodied in the 1995 version of ORS 144.335(3) does not apply to him. Consequently, petitioner argues, this court has jurisdiction under ORS 144.335(1) and we should not have dismissed review.

An order from the Oregon Board of Parole is not final and appealable until a petitioner seeks and the Board denies administrative review. ORS 144.335(1); *Denham v. Board of Parole*, 106 Or App 234, 237, 806 P2d 1167 (1991). Because the May 11, 1995, order became final after the effective date of the 1995 changes, we were correct in applying the 1995 version of ORS 144.335(3) and dismissing review.

Petitioner argues that *dictum* from *Meadows v. Schiedler*, 143 Or App 213, 215 n 1, 924 P2d 314 (1996), and the result in *Kessler v. Board of Parole and Post-Prison Supervision*, 145 Or App 584, 931 P2d 801 (1997), compel a

different result. In *Meadows*, the Board issued both the underlying order and the order denying administrative review before the effective date of the 1995 amendments. In *Kessler*, the issue of which version of the statutes to apply was never raised and we did not discuss it. Therefore, those cases do not constitute authority against dismissal of review in petitioner's case.

■      Petitioner argues that, even if our decision to dismiss review of the order denying a rerelease date was correct, our decision to dismiss the entire petition for review was incorrect because we still could have reviewed the original Board order revoking parole. That argument is premised on petitioner's claim that the Board deferred ruling on his objections to the evidence of parole violations until the sanctions hearing. However, even if the Board deferred such rulings, petitioner's petition for review of the Board's sanctions decision is simply not a petition for review of the Board's revocation decision. Petitioner never sought administrative review or judicial review of the Board's decision to revoke parole and, therefore, this court may not review that decision. ORS 144.335(4); *Woolstrum v. Board of Parole*, 141 Or App 332, 337-38, 918 P2d 112, *rev den* 324 Or 395 (1996).

Petitioner makes several other arguments in support of the motion for reconsideration. We have considered each of them and reject them without discussion.

Motion for reconsideration allowed; order dismissing review adhered to; motion to hold case in abeyance denied.