On petitioner's motion for reconsideration filed November 16, 1998, motion for reconsideration granted; order of dismissal vacated; motion to establish deadline denied; petition for judicial review treated as amended petition for judicial review March 31, 1999

# FRANKLIN DAVID ROOF,
*Petitioner,*

*v.*

# BOARD OF PAROLE
# AND POST-PRISON SUPERVISION,
*Respondent.*

## (CA A101434)

977 P2d 429

Franklin David Roof filed the motion *pro se.*

Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Judy C. Lucas, Assistant Attorney General, *contra*.

Before Haselton, Presiding Judge, and Landau and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Petitioner moves for reconsideration of our decision to dismiss his petition for judicial review of an order of the Board of Parole and Post-Prison Supervision. We dismissed the petition because we concluded that petitioner had failed to file a timely amended petition after the Board had issued a revised order on reconsideration. We grant petitioner's motion and hold that the time period for filing an amended petition for judicial review does not begin to run until the Board disposes of a request for administrative review. Because the Board had not yet disposed of petitioner's request for administrative review when we dismissed the petition, we vacate our dismissal order and reinstate judicial review.

The Board revoked petitioner's parole and imposed an additional prison sentence as a sanction for parole violations. Petitioner exhausted his administrative remedies to address his objections to those decisions and sought judicial review of the Board's order revoking parole and imposing sanctions. In response, the Board withdrew its order and held a new hearing. The Board issued a revised order on reconsideration, which again revoked petitioner's parole and imposed an additional prison sentence. We notified petitioner that he could file an amended petition for judicial review "within a time period equal to that allowed for filing an original petition." Petitioner then filed a request for administrative relief with the Board. Before the Board had ruled on that request, we dismissed review because petitioner had not filed an amended petition for judicial review within 60 days of the order on reconsideration.

■ Petitioner now moves for reconsideration of that dismissal. He argues that the time period for filing an original petition for judicial review under ORS 144.335(1) does not begin to run until the Board disposes of a request for administrative review. Accordingly, he argues that we erred in dismissing his petition for judicial review, because the Board had not yet disposed of his request for administrative review when we dismissed his petition, so his amended petition was no˙ ˙et due. We agree with petitioner.

██ In appropriate circumstances, administrative agencies can reconsider their orders while review of those orders is pending before us and can issue revised orders on reconsideration. ORAP 4.35(4)(a) requires a petitioner who wishes to obtain review of such an order issued after reconsideration to "file an amended petition for judicial review within a period equal to that allowed for filing an original petition." The correctness of our dismissal of the petition in this case turns, therefore, on whether petitioner failed to file an amended petition "within a period equal to that allowed for filing an original petition" from a Board order.

ORS 144.335 provides:

"(1)   When a person over whom the board exercises its jurisdiction is adversely affected or aggrieved by a final order of the board related to the granting, revoking or discharging of parole, * * * and after exhaustion of administrative review as provided by board rule, such person is entitled to judicial review of the final order.

"* * * * *

"(4)   The final order and the proceedings underlying the order are subject to review by the Court of Appeals upon petition to that court filed within 60 days of the final order for which review is sought."

As we held in *Denham v. Board of Parole*, 106 Or App 234, 237, 806 P2d 1167 (1991), "[o]nce an inmate files a timely request for administrative review, which must be filed within 45 days after the Board's final action, * * * the 60 days within which to file a petition for judicial review runs from the date when [the order on administrative review] is issued." *See also Rickman v. Board of Parole*, 153 Or App 709, 712, 959 P2d 617 (1998). Accordingly, when the Board issues a revised order on reconsideration while judicial review is pending, a petitioner who wishes to challenge that order must first request administrative review of the revised order in accordance with Board rules and must then file an amended petition for judicial review within 60 days of the order issued on administrative review.

Here, we dismissed review before the Board had entered an order on administrative review of its revised order

on reconsideration. Thus, the 60-day time limit within which to file an amended petition had not yet begun to run and we erred, therefore, in dismissing the petition. Consequently, we grant petitioner's motion for reconsideration and vacate our dismissal order.

Petitioner also moved for an order establishing a deadline for issuance of the Board's order on administrative review. However, since the filing of that motion, the Board has issued its order on administrative review, and petitioner has filed a new petition for judicial review within 60 days of that order. Therefore, the motion to establish a deadline is denied as moot. We treat the new petition for judicial review as an amended petition for judicial review under ORAP 4.35.

Motion for reconsideration granted; order of dismissal vacated; motion to establish deadline for order on administrative review denied; petition for judicial review treated as amended petition for judicial review.