Submitted on record and briefs June 3, reversed and remanded for reconsideration September 8, 2005

## JOEL C. GUZEK,
### *Petitioner,*

*v.*

## BOARD OF PAROLE
## AND POST-PRISON SUPERVISION,
### *Respondent.*

### A122851

119 P3d 283

Joel C. Guzek filed the brief *pro se*.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kathleen Cegla, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Linder and Ortega, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Petitioner seeks judicial review of an order of the Board of Parole and Post-Prison Supervision that deferred parole consideration for 24 months based on the board's determination, pursuant to ORS 144.228, that petitioner remains dangerous. We write only to address petitioner's assertion that the board erred because it did not have a sufficient written report prepared by "the executive officer of the Department of Corrections institution," ORS 144.228(2)(b),[1] when it made its determination. As explained below, we agree with petitioner and, therefore, remand the case to the board for reconsideration.

ORS 144.228(2)(b) requires the board, in making a determination whether a person convicted as a dangerous offender pursuant to ORS 161.725 remains dangerous, to consider:

"A written report to be made by the executive officer of the Department of Corrections institution in which the person has been confined. The executive officer's report shall contain:

"(A)   A detailed account of the person's conduct while confined, all infractions of rules and discipline, all punishment meted out to the person and the circumstances connected therewith, as well as *the extent to which the person has responded to the efforts made in the institution to improve the person's mental and moral condition.*

"(B)   *A statement as to the person's present attitude towards society, towards the sentencing judge, towards the prosecuting district attorney, towards the arresting police officer and towards the person's previous criminal career.*

"(C)   The work and program record of the person while in or under the supervision of the Department of Corrections. The program history shall include a summary of any psychological or substance abuse treatment and other activities that will assist the board in understanding the psychological adjustment and social skills and habits of the

---

[1] Petitioner relies primarily on OAR 255-036-0015 in support of his argument. That rule, however, duplicates the requirements of ORS 144.228(2)(b) in all pertinent respects. We therefore focus our analysis on the statute rather than the rule.

person and that will assist the board in determining the likelihood for successful community reentry."

(Emphasis added.)

The record in this case includes a written report by a Department of Corrections counselor at the institution where petitioner is confined that discusses petitioner's conduct and discipline, as required by ORS 144.228(2)(b)(A), and petitioner's work and program history, as required by ORS 144.228(2)(b)(C), but does not contain the additional information required by the emphasized portions of the statute quoted above. Petitioner maintains that those omissions, as well as the fact that the written report was prepared by a counselor rather than the "executive officer" of the institution, mandate a remand for reconsideration.

The board responds that it correctly considered the counselor either to be the executive officer or to be the designee of the executive officer of the institution. The board further asserts that, although the report did not contain all of the information required by ORS 144.228(2)(b), petitioner had an opportunity to provide the missing information but failed to do so and, therefore, should not be heard to complain of the omissions from the report. Finally, the board contends that any error in failing to include the information in the report was harmless in light of ample evidence in the record that petitioner has failed to take responsibility for a number of his crimes.

■      As an initial matter, we reject the board's contention that the counselor who authored the report here qualified as "*the* executive officer of the Department of Corrections institution in which [petitioner was] confined." ORS 144.228(2)(b) (emphasis added). *See Anderson v. Jensen Racing, Inc.*, 324 Or 570, 578-79, 931 P2d 763 (1997) (the definite article "the" functions as an adjective to denote a particular, specified thing, not a general unspecified class of things); *Sweeney v. SMC Corp.*, 178 Or App 576, 586, 37 P3d 244 (2002) (same).

■      Further, the board's related "delegation" argument is, at least on this record, similarly unavailing. We assume without deciding that, as the board contends, the reference in

ORS 144.228(2)(b) to a written report "by the executive officer" of the institution does not preclude the executive officer from delegating to a subordinate the responsibility of preparing the report on the executive officer's behalf. Nevertheless, there is no indication in this record that the counselor who prepared the report was, in fact, delegated such a responsibility by the executive officer of the institution, whoever that might be.

■ Further, and in all events, the counselor's report in this case did not contain certain information prescribed by ORS 144.228(2)(b). Contrary to the board's present position, it is immaterial that petitioner might have provided, but did not provide, information pertaining to his "mental or moral condition" or his "attitude towards society, towards the sentencing judge, towards the prosecuting district attorney, towards the arresting police officer and towards [his] previous criminal career." The statute requires that such information be included in the "written report" by the executive officer of the institution—and here it was not. Finally, for the same reasons, we reject the board's assertion that any deficiency in the written report is effectively rendered "harmless" because evidence in the record demonstrates that petitioner has failed to take responsibility for a number of his crimes and the psychological report in the record indicates that petitioner continues to suffer from a mental condition that renders him dangerous. ORS 144.228 prescribes that, in determining whether to defer parole consideration, the board must consider particular evidence in a particular form from a particular source. Under those circumstances, we must remand for the board to reconsider its decision. *See, e.g., Smith v. Board of Parole*, 62 Or App 628, 631-32, 661 P2d 558 (1983) (where board did not obtain information required by ORS 144.210 before deciding whether to override judicially imposed minimum, remand for reconsideration was required).

Reversed and remanded for reconsideration.